Gene J. Stonebarger, Esq. (CA Bar No. 209461)
Crystal L. Matter, Esq. (CA Bar No. 278084)
STONEBARGER LAW, P.C.
75 Iron Point Circle, Suite 145
Folsom, California 95630
Email: gstonebarger@stonebargerlaw.com;
cmatter@stonebargerlaw.com
Tel: (916) 235-7140
Fax: (916) 235-714

Brian J. Lawler, Esq. (CA Bar No. 221488)
PILOT LAW, P.C.
750 Beech St., Suite 108
San Diego, California 92101
Email: blawler@pilotlawcorp.com
Tel: (866) 512-2465
Fax: (619) 231-4984

Charles M. Billy, Esq. (CA Bar No. 247046)
THE LAW OFFICES OF CHARLES M. BILLY, P.C.
22706 Aspan Street, Suite 305
Lake Forest, California 92630
Email: cbilly@cmblawcorp.com
Tel: (949) 357-9636
Fax: (949) 715-4311

*Attorneys for Plaintiff and the Class*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOHN E. HOEFERT, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC., a Delaware Corporation, and AMERICAN AIRLINES GROUP, INC., a Delaware Corporation.<br><br>Defendants. | No.<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**FILING FEE WAIVED PER 38 U.S.C. § 4323(h)**

Plaintiff John E. Hoefert, on behalf of himself and all others similarly situated, complains and alleges upon the investigation made by Plaintiff by and through his attorneys, as follows:

CLASS ACTION COMPLAINT

# I. NATURE OF ACTION

1. This civil class action is brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 et. seq. ("USERRA"). It is brought by Plaintiff on behalf of a nationwide Class of all persons similarly situated, including current and former employees of American Airlines, Inc., and/or American Airlines Group, Inc., who were or are currently serving in the United States Armed Services or National Guard.

# II. PARTIES

## A. PLAINTIFF

2. Plaintiff JOHN E. HOEFERT ("Hoefert" or "Plaintiff") is a citizen of the United States and a resident of the State of Arizona.

3. Hoefert was originally commissioned as an officer in the United States Army on June 9, 1989.

4. Hoefert joined the United States Army Reserve on May 20, 1992, and is presently a Brigadier General in the Arizona Army National Guard.

5. Hoefert was originally hired by America West Airlines, Inc./America West Holdings Corporation on September 11, 2000, prior to America West Holdings Corporation's merger with US Airways Group, Inc., which occurred in September 2005.

6. Hoefert is presently employed by Defendants in Phoenix, Arizona as an Airbus A320 pilot.

7. Hoefert is a qualified employee and member of the uniformed services as defined by 38 U.S.C. § 4303(3) and (16).

## B. DEFENDANTS

8. Defendant American Airlines, Inc., is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Texas.

9. Defendant American Airlines Group, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Texas. It was formed on or about December 9, 2013, during the merger of American

1

CLASS ACTION COMPLAINT

1  Airlines, Inc. ("American") and US Airways Group, Inc. ("US Air") and collectively, the
2  entities above are hereby referred to as "AMR" or "Defendants."
3      10.   At all relevant times, AMR was and is an employer as defined by 38 U.S.C.
4  § 4303(4)(A).
5      11.   Whenever and wherever reference is made to individuals who are not
6  named as defendants in this action, but were employees/agents of defendant, such
7  individuals at all times acted on behalf of defendant within the scope of their respective
8  employments and agencies.
9      12.   Plaintiff does not seek any relief greater than or different from the relief
10 sought for the Class of which Plaintiff is a member. The action, if successful, will enforce
11 an important right affecting the public interest and would confer a significant benefit,
12 whether pecuniary or non-pecuniary, on a large class of persons. Private enforcement is
13 necessary and places a disproportionate financial burden on Plaintiff in relation to
14 Plaintiff's stake in the matter.

### III. JURISDICTION AND VENUE

16     13.   This complaint arises under USERRA, 38 U.S.C. §§ 4301-4333. The
17 jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. § 1331, as
18 conferred by 38 U.S.C. § 4323(b)(3).
19     14.   Venue is proper because AMR maintains its corporate headquarters in this
20 district, as provided in 38 U.S.C § 4323(c)(2) and 28 U.S.C. § 1391(b).
21     15.   Pursuant to 38 U.S.C. § 4323(h), "No fees or court costs may be charged or
22 taxed against any person claiming rights under [USERRA]."

### IV. GENERAL LEGAL AND FACTUAL ALLEGATIONS

24     16.   Plaintiff re-alleges and incorporates by reference every allegation contained
25 within paragraphs 1 through 15, inclusive, as though set forth at length herein and made a
26 part hereof.
27     17.   During his employment with AMR and its predecessors, Hoefert and the
28 Class have taken numerous periods of short term and long term military leave.

18. Hoefert was on a long-term military leave of absence from July 15, 2012, through February 28, 2015. During this period, US Airways merged with American.

19. Pilots at AMR accrue certain benefits under collective bargaining agreements (CBAs) while employed by AMR, but other than conflicts with USERRA, the terms of these CBAs are not in dispute and the accrual rates are not in dispute, so no interpretation of any CBA is required.

20. All AMR pilots accrue sick time at a rate of five (5) hours of sick time for each month of service with AMR, so long as they perform fifteen (15) days of service or more for AMR in a contractual month.

21. AMR does not allow pilots who are absent from AMR due to military service to accrue sick time unless they are available to AMR for fifteen (15) days or more in a contractual month.

22. AMR allows pilots on other forms of leave, including but not limited to jury duty, medical leave, vacation leave and Duty with the Association (union leave), to accrue sick time, even if they are available for less than fifteen (15) days in a contractual month.

23. AMR omitted many of Hoefert's periods of military service as eligible periods for sick time accrual when those periods caused him to be absent and not available to AMR for at least fifteen (15) days in a specific month, due to military service obligations, including but not limited to the period of military service from July 15, 2012, through February 28, 2015, which resulted in a reduction of his sick time accrual.

24. AMR's pilots vacation time accrual rates vary between 21 and 31 days per year based upon a pilot's longevity with AMR or its predecessors.

25. AMR has a policy where if a pilot is absent due to military leave for longer than sixty (60) calendar days total during a calendar year, it reduces the pilot's vacation accrual by one-tenth ($1/10^{th}$) for each thirty (30) days of leave or total of such leaves, in excess of sixty (60) days.

///

26. However, AMR allows pilots on other forms of leave that exceed sixty (60) days during a calendar year, including but not limited to jury duty, medical leave, vacation leave and Duty with the Association (union leave), to accrue vacation time without reduction.

27. Initially AMR refused to provide Hoefert with vacation accrual during his entire military leave of absence that occurred from July 15, 2012, through February 28, 2015.

28. Eventually, due to Hoefert's diligent and persistent requests, AMR did include his period of military service between July 15, 2012 through December 31, 2013, as eligible for vacation accrual.

29. AMR has omitted many of Hoefert's military service periods as eligible periods of vacation time accrual, including but not limited to a period of military service from January 1, 2014, through February 15, 2015, even though other pilots on non-military leave were allowed to accrue vacation time.

30. AMR has omitted many of Hoefert's periods of military service as eligible periods for vacation time accrual when those periods caused him to be absent due to military service obligations for more than sixty (60) days during a calendar year, which resulted in a reduction of his vacation time accrual.

31. AMR employs a bonus program that has been referred to as "Ops Olympics," whereby AMR pays bonuses to its employees based upon the company's on-time performance, low frequency of mishandled baggage, and low number of customer complaints, which is awarded to all employees according to company performance rather than individual performance.

32. AMR does not provide this bonus to pilots who are absent during the bonus periods due to military service obligations, but it does provide this bonus to pilots who are absent during the bonus periods due to other forms of leave such as but not limited to jury duty, medical leave, vacation leave and Duty with the Association (union leave).

///

### A. USERRA

33. USERRA prohibits "discrimination against persons because of their service in the uniformed services." 38 U.S.C. § 4301(a)(3).

34. Section 4303 of USERRA provides that the term "service in the uniformed services" means "performance of duty on a voluntary or involuntary basis in a uniformed service under competent authority and includes active duty, active duty for training, initial active duty for training, inactive duty for training, full time National Guard duty…"

35. Section 4311 of USERRA protects persons who serve or have served in the uniformed services from acts of discrimination and reprisal; for example, a person "who is a member of,…performs, has performed,…or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership,…performance of service,…or obligation."

36. "Benefit" is defined as:

> The term 'benefit of employment', or 'rights and benefits' means the terms, conditions, or privileges of employment, including any advantage, *profit, privilege, gain, status,* account, or interest (including wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plain, or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and *awards, bonuses,* severance pay, supplemental unemployment benefits, *vacations,* and the opportunity to select work hours or location of employment.

38 U.S.C. § 4303(2) (emphasis added).

37. Section 4316 of USERRA provides that any period of absence from employment due to or necessitated by uniformed service is not considered a break in employment, so an employee absent due to military duty must be treated as though they were continuously employed.

///

///

5
CLASS ACTION COMPLAINT

38. Section 4311(c) further provides:

An employer shall be considered to have engaged in actions prohibited: under subsection (a), if the person's membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership, application for membership, service, application for service, or obligation for service.

38 U.S.C. § 4311(c).

39. Section 4311(c) further provides:

An employer shall be considered to have engaged in actions prohibited:

(1) under subsection (a), if the person's membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership, application for membership, service, application for service, or obligation for service.

38 U.S.C. § 4311(c).

40. Section 4316(a) of USERRA provides:

A person who is reemployed under this chapter is entitled to the seniority and other rights and benefits determined by seniority that the person had on the date of the commencement of service in the uniformed services plus the additional seniority and rights and benefits that such person would have attained if the person had remained continuously employed.

38 U.S.C. § 4316(a).

41. Section 4316(d) of USERRA provides:

Any person whose employment with an employer is interrupted by a period of service in the uniformed services shall be permitted, upon request of that person, to use during such period of service any vacation, annual, or similar leave with pay accrued by the person before the commencement of such service. No employer may require any such person to use vacation, annual, or similar leave during such period of service.

38 U.S.C. § 4316(d).

42. Section 4312 of USERRA provides:

[A]ny person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits of this chapter...

43. Under Section 4316(b)(1)(B) of USERRA, employees on military leave are entitled to the same non-seniority-based benefits provided to other employees on similarly-situated, non-military related leaves of absence.

44. If the non-seniority benefits to which employees on furlough or leave of absence are entitled vary according to the type of leave, the employee must be given the most favorable treatment accorded to any comparable form of leave when he or she performs service in the uniformed services. 20 C.F.R. § 1002.150(b).

45. USERRA expressly supersedes any state of local law, agreement, and/or employer policy. 38 U.S.C. § 4302(b); 20 C.F.R. § 1002.7(b).

## V.   CLASS ACTION ALLEGATIONS

46. Pursuant to Rule 23(a), 23(b)(2), and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of himself and all others similarly situated ("the Class") as follows:

> <u>The Class</u>: all pilots who are or were employed by AMR, and were or are members of the United States Armed Services or National Guard, who took military leave from July 1, 2012, to the present.

47. Throughout discovery in this litigation, Plaintiff may find it appropriate and/or necessary to amend the definition of the Class. Plaintiff will formally define and designate a class definition when they seek to certify the Class alleged herein.

48. **Ascertainable Class:** The Class is ascertainable in that each member of the class can be identified using the information contained in AMR's records.

49. The members of the Class are sufficiently numerous that joinder of all members is impracticable. The exact size of the Class is ascertainable through AMR's records, including but not limited to AMR's employment records.

50. **Common Questions of Law or Fact Predominate:** There are questions of law and fact common to the Class, and these questions predominate over individual questions. Such questions include, without limitation:

///

      (a) whether AMR's failure to provide sick time accrual to pilots on military leave violates USERRA;

      (b) whether AMR's failure to provide vacation accrual to pilots on military leave violates USERRA;

      (c) whether AMR's failure to provide bonuses to pilots on military leave violates USERRA;

      (c) whether AMR's acts and practices have violated USERRA by discriminating against AMR pilots who are members of the Armed Forces and have taken military leave;

      (e) whether Plaintiff and the Class are entitled to compensatory and/or liquidated damages; and

      (f) whether injunctive and other equitable remedies for the Class is warranted.

51. **Numerosity:** Plaintiff believes and alleges that AMR employs more than 14,500 pilots, and that approximately 8,500 pilots are or were members of the United States Armed Services or National Guard.

52. **Typicality:** Plaintiff's and the Class' claims arise from and were caused by AMR's wrongful conduct. Plaintiff, like all other Class members, suffered damage as a result of AMR's violations of USERRA.

53. **Adequacy:** The named Plaintiff will fairly and adequately represent and protect the interests of the Class and have no conflict of interest with the Class. Plaintiff seeks no relief that is antagonistic or adverse to the members of the Class and the infringement of the rights and the damages they have suffered are typical of all other Class members. Plaintiff retained adequate counsel who have substantial experience and success in the prosecution of class actions and complex business litigation matters.

54. **Superiority:** The nature of this action and the nature of laws available to Plaintiff and the Class make the use of the class action device particularly efficient and an

appropriate procedure to afford relief to Plaintiff and the Class for the wrongs alleged because:

    a.    The individual amounts of damages involved, while not insubstantial, are such that individual actions or other individual remedies are impracticable and litigating individual actions would be too costly;

    b.    If each Class member was required to file an individual lawsuit, Defendant AMR would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual Class member with vastly superior financial and legal resources;

    c.    The costs of individual suits could unreasonably consume the amounts that would be recovered;

    d.    Proof of a common factual pattern which Plaintiff experienced is representative of that experienced by the Class and will establish the right of each member of the Class to recover on the cause of actions alleged; and

    e.    Individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

55.    Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

56.    Class certification is appropriate pursuant to Fed. R. Civ. Proc. Rule 23(b)(2) because AMR acted on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief to Plaintiff and Class as a whole. The Class members are entitled to injunctive relief to end AMR's practices that have caused military-affiliated pilots to be excluded from certain benefits and to be treated differently than pilots who have taken comparable types of leave and/or pilots without military affiliations.

///

///

///

## FIRST CAUSE OF ACTION

## (SICK TIME ACCRUAL) VIOLATIONS OF 38 U.S.C. § 4301, ET SEQ.

57. Plaintiff hereby allege and incorporate paragraphs 1-56 above by reference herein.

58. Employees on military leave are entitled to the same non-seniority-based benefits provided to other employees on similarly-situated, non-military related leaves of absence. 38 U.S.C. § 4316(b)(1)(B).

59. One of the benefits of employment available to the Plaintiff and all AMR pilots is the accrual of sick time at a rate of five (5) hours per month, so long as the pilot was available for at least fifteen (15) days in a calendar month.

60. Plaintiff and the Class have not accrued sick time during periods of military leave when that military leave caused an absence that resulted in a pilot being available to AMR for less than fifteen (15) days in any calendar month.

61. Non-military AMR pilots accrue sick leave during other types of leave, including but not limited to jury duty, medical leave, vacation leave, Duty with the Association (union leave), and certain other personal leaves of absence.

62. AMR repeatedly and intentionally failed to allow pilots who are on military leave to accrue sick time thereby denying members of the Class a benefit of employment.

63. AMR's failure to allow its pilots to accrue sick time during their military leave periods while allowing pilots on other similar, non-military leave to accrue sick time violates USERRA.

64. Plaintiff's protected status as members of the uniformed services was a motivating factor in AMR's denial of Plaintiff's benefits employment.

65. As a direct and proximate result of the conduct of AMR, as set forth in this count, Plaintiff and the Class have suffered damages including but not limited to loss of past and future benefits, in an amount to be proven at trial.

66. Plaintiff alleges such violations of USERRA were willful and request liquidated damages to the Class.

## SECOND CAUSE OF ACTION

### (Vacation Time Accrual) Violations of 38 U.S.C. § 4301, et seq.

67. Plaintiff hereby alleges and incorporates paragraphs 1-66 above by reference herein.

68. AMR pilots earn vacation time based on their years of completed service with AMR.

69. Plaintiff and the Class do not and have not accrued vacation time when their military leave exceed sixty (60) days in a calendar year.

70. AMR pilots on other forms of non-military leave including but not limited to jury duty, medical leave, vacation leave, Duty with the Association (union leave) and certain personal leaves of absence, accrue vacation time during their leaves of absences that are longer than sixty (60) days total in a calendar year, calculated either separately or combined.

71. AMR repeatedly and intentionally failed to allow pilots who are on military for sixty (60) days or more during a calendar year to accrue vacation time thereby denying members of the Class a benefit of employment.

72. AMR's failure to allow its pilots to accrue vacation time during their military leave periods while allowing pilots on similar, non-military leave to accrue vacation time violates USERRA.

73. Plaintiff and the Class' service obligations were a motivating factor in AMR's discriminatory actions.

74. As a direct and proximate result of the conduct of AMR as set forth in this count, Plaintiff and the Class have suffered damages including but not limited to loss of past and future benefits, in an amount to be proven at trial.

75. Plaintiff alleges such violations of USERRA were willful and request liquidated damages to the Class.

///

///

## THIRD CAUSE OF ACTION
## BONUS PAYMENTS

76. Plaintiff hereby alleges and incorporate paragraphs 1-75 above by reference herein.

77. AMR has created bonus programs whereby AMR pays bonuses to its employees based upon the achievement of certain company goals which are awarded to all employees according to company performance rather than individual performance.

78. AMR does not provide these bonuses to pilots who are absent during the bonus periods due to military service obligations, but it does provide these bonuses to pilots who are absent during the bonus periods due to other forms of leave such as but not limited to jury duty, medical leave, vacation leave, Duty with the Association (union leave), and certain personal leaves of absence.

79. AMR repeatedly and intentionally failed to allow pilots who are on military leave to participate in these bonus payments, thereby denying members of the Class a benefit of employment.

80. AMR's failure to allow its pilots to participate in these bonus payments during their military leave periods while allowing pilots on similar, non-military leave to accrue vacation time violates USERRA.

81. Plaintiff and the Class' service obligations were a motivating factor in AMR's discriminatory actions.

82. As a direct and proximate result of the conduct of AMR as set forth in this count, Plaintiff and the Class have suffered damages including but not limited to loss of past and future benefits, in an amount to be proven at trial.

83. Plaintiff alleges such violations of USERRA were willful and request liquidated damages to the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing, Plaintiff, as an individual and on behalf of the Class, request that the Court enter an Order as follows:

1. Determining that this action may proceed and be maintained as a class action, designating Plaintiff as Lead Plaintiff, and certifying Plaintiff as the Class representative under Rule 23 of the Federal Rules of Civil Procedure and his counsel of record as Class Counsel;

2. Declaring that the acts and practices complained of herein are unlawful and are in violation of USERRA;

3. Requiring that AMR fully comply with the provisions of USERRA by providing Plaintiff and Class Members all employment benefits denied them as a result of AMR's unlawful acts and practices described herein;

4. Enjoining AMR from taking any action against Plaintiff and members of the Class that fail to comply with the provisions of USERRA;

5. Awarding fees and expenses, including attorneys' fees pursuant to 38 U.S.C. § 4323(h);

6. Awarding Plaintiff and the Class prejudgment interest on the amount of lost wages or employment benefits due;

7. Ordering that AMR pay liquidated damages in an amount equal to the amount of lost wages, lost compensation and other lost benefits due to AMR's willful violations of USERRA;

8. Granting an award for costs of suit incurred; and

9. Granting such other and further relief as may be just and proper and which Plaintiff and the Class may be entitled to under all applicable laws.

///
///
///
///
///
///
///

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues triable as of right by a jury in the above action.

DATED this 1st day of September, 2017.

By: _____
Gene J. Stonebarger
Crystal L. Matter
Attorneys for Plaintiff and the Class

## CERTIFICATE OF SERVICE

I, Stephanie Judd, hereby certify that on September 1, 2017, I electronically transmitted the attached document to the Clerk of the Court using the United States District Court's CM/ECF filing system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*/s/ Stephanie Judd*