WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John E. Hoefert, | No. CV-17-02996-PHX-SPL |
| Plaintiff, | **ORDER** |
| vs. | |
| American Airlines Inc., | |
| Defendant. | |

Before the Court is Defendant's Motion to Transfer Venue to the United States District Court for the Northern District of Texas (the "Motion") (Doc. 21). For the reasons that follow, the Motion will be granted.

**I.  Background**

Plaintiff John E. Hoefert filed this lawsuit against Defendant American Airlines, Inc. as an individual and on behalf of all other similarly situated plaintiffs pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. 4301, et. seq. (Doc. 1)  The Plaintiff seeks to represent a class of all current and former pilots employed by the Defendant who have taken military leave since July 1, 2012. (Doc. 21 at 2)

The Defendant is incorporated in Delaware and maintains its headquarters in Fort Worth, Texas. (Doc. 21 at 2)  The majority of the employees and operations that are relevant to the issues in this case are also located in Fort Worth, Texas. (Doc. 21 at 4) The Defendant's current process of administrating the benefits at issue was implemented

as the result of a similar class action lawsuit brought in 2007 by the Department of Justice against the Defendant in the Northern District of Texas (the "Woodall Litigation"). (Doc. 21 at 4) The Woodall Litigation ended in 2008 with a settlement, requiring the Defendant to modify its administration of sick time and vacation benefits to pilots on military leave. (Doc. 21 at 4) The Defendant filed this Motion to transfer venue of this case to the United States District Court for the Northern District of Texas simultaneously with its answer. (Doc. 21; Doc. 18)

## II. Standard of Review

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). District courts exercise broad discretion to adjudicate motions to transfer on an individualized, case-by-case determination. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). In making such a determination, courts consider (1) whether the case could have been brought in the forum which the moving party seeks to have the case transferred to, and (2) whether the proposed forum is a more suitable venue based on the convenience of the parties and the interest of justice. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).

Courts may consider a variety of factors when determining whether transfer is warranted based on the convenience of the parties and in the interest of justice, including: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Jones*, 211 F.3d at 498–99. Other factors that may be considered are "ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Conte v. Ginsey Indus., Inc.*, 2012 WL 3095019, at 2 (D. Ariz. 2012) (internal

citations omitted). No single factor is dispositive. *R. Prasad Indus. v. Flat Irons Envtl. Sols. Corp.*, 2017 WL 4409463, at 3 (D. Ariz. 2017).

A plaintiff's choice of forum is given deference and will not ordinarily be disturbed unless a defendant is capable of "making a strong showing" of inconvenience so as to warrant transfer. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Transfer of venue is inappropriate, however, if "the result is merely to shift the inconvenience from one party to another." *Scovil v. Medtronic, Inc.*, 995 F. Supp. 2d 1082, 1099 (D. Ariz. 2014).

## III. Discussion

Both parties stipulate, and the Court agrees, that the United States District Court for the Northern District of Texas is a proper venue for this case pursuant to 28 U.S.C. § 1391 because the Defendant is headquartered in Fort Worth, Texas, and a substantial part of the events giving rise to the Plaintiff's claims occurred in Fort Worth, Texas. (Doc. 24 at 1–2; Doc. 21 at 10) Accordingly, the Court focuses its analysis on whether the Northern District of Texas is a more suitable venue for the case based on the convenience of the parties and the interest of justice.

Generally, a plaintiff's choice of forum is to be given "substantial deference" where the plaintiff has chosen its home forum. *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d. 48, 52 (D.D.C. 2000). However, in cases where an individual is bringing an action on behalf of others, the plaintiff's choice is given less weight. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (stating that consideration must be given to the parties' contacts with the forum, and if the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, then the plaintiff's choice is entitled to minimal consideration). The Plaintiff in this case has chosen the District of Arizona, but this is only one factor to be considered and is not dispositive. *Impra Inc. v. Quinton Instruments Co.*, 1990 WL 284713, 1 (D. Ariz. 1990). Aside from the Plaintiff purporting to reside in the District of Arizona, the Plaintiff argues that the Defendant transacts business in the forum because of its flight operations at Phoenix Sky Harbor

International Airport located in Phoenix, Arizona. (Doc. 24 at 1) The Defendant argues that the Plaintiff no longer resides in Arizona, and that the overwhelming majority of the parties and witnesses to this matter are located in Texas or east of Texas. (Doc. 21 8–9)

The Court finds there are several factors to support a finding that transfer of this case to the Northern District of Texas is warranted. One factor that weighs in favor of keeping the case in the District of Arizona is that the Plaintiff does not appear to have any contacts with the proposed forum. The Plaintiff resides in the District of Arizona (although this fact is disputed by the Defendant), and the Defendant transacts business in the District of Arizona. (Doc. 24 at 1; Doc. 21 at 3) While the Defendant is headquartered in the Northern District of Texas, the record does not reflect that the Plaintiff has any direct contacts with Texas. (Doc. 21 at 2)

Further, an important factor in this analysis is in which forum the case can be most efficiently and economically litigated. "The convenience of witnesses is said to be the most important factor in passing on a transfer motion." *F.T.C v. Wyndham Worldwide Corp.*, 2013 WL 1222491, at 3 (D. Ariz. 2013). Each party has indicated that a number of material witnesses would be inconvenienced by having to travel to another forum. (Doc. 24 at 5; Doc. 21 at 8) And, while the parties dispute whether the Plaintiff continues to be a resident of Arizona, the Court is satisfied that most, if not all, of the non-party witnesses to this matter would find the Northern District of Texas to be a more convenient venue.

In evaluating this factor, courts look at the quantity of witnesses in each potential venue and the nature and quality of witness testimony. "To demonstrate an inconvenience to witnesses, the moving party must identify relevant witnesses, state their location and describe their testimony and its relevance." *Haswell v. Nat'l R.R. Passenger Corp.*, 2006 WL 839067, at 2 (D. Ariz. 2006). Here, the Defendant has identified a witness, Scott Hansen, who the Defendant expects to testify in this litigation. (Doc. 21 at 8) Hansen serves as the "Director [of] Flight Administration" for the Defendant. (Doc. 21-1 at 2.) Hansen is based in Fort Worth, Texas, along with the Defendant's operations

and several employees. (Doc. 21-1 at 2) Hansen will testify to the Defendant's administrative operations related to pilots. (Doc. 21-1 at 2.) The Defendant has also identified approximately four other witnesses who, like Hansen, are based in Fort Worth, Texas. (Doc. 21 at 8) The Court finds that the potential quantity and quality of the testimony of Texas-based witnesses outweighs that of the Arizona-based witnesses. Accordingly, the convenience of the parties and witnesses to this matter favors transfer.

The Court also finds that the Northern District of Texas will be a more efficient and inexpensive forum for the case. The majority of the events giving rise to this litigation were based in operations and actions that took place in Fort Worth, Texas. (Doc. 21 at 10) While Plaintiff argues that most of the exhibits or documents necessary to this case can be easily transmitted to the District of Arizona with minimal expense, the Court finds it will be less expensive to produce the relevant documents in the Northern District of Texas. (Doc. 24 at 6) The fact that the Defendant's headquarters are located in the Northern District of Texas and that the majority of the witnesses that are likely to be material to this action are also primarily located in the same district results in this factor weighing heavily in favor of transferring the case to the Northern District of Texas.

Finally, the Plaintiff argues that the presence of similar class action suits against the Defendant should have no bearing on the decision to transfer venue. The Court disagrees. A court may consider whether the parties are involved in a similar case in another district. *Advanced Semiconductor Materials Am. Inc. v. Applied Materials Inc.,* 1993 WL 653027, 2 (D. Ariz. 1993). (stating cases should be transferred to districts where related actions are pending.) In this case, the settlement of a similar suit between the Department of Justice and the Defendant regarding similar allegations as those brought by the Plaintiff provides an additional persuasive factor in favor of transfer. The facts surrounding the Woodall Litigation demonstrate that the Northern District of Texas will be familiar with the law and the background important to this case. (Doc. 21 at 4) Therefore, transferring this case to the Northern District of Texas will allow for courts that already have familiarity with similar matters to address this case efficiently. Thus,

the Defendant has satisfied its burden of providing a strong showing that transfer of this case to the Northern District of Texas is in the interest of justice.

### IV. Conclusion

Upon a balancing of the relevant factors, this Court finds that the interest of justice requires this matter to be transferred to the Northern District of Texas. Accordingly,

**IT IS ORDERED**:

1. That the Defendant's Motion (Doc. 21) is **granted**;

2. That the Clerk of Court shall **transfer** this matter to the United States District Court for the Northern District of Texas and terminate the case in the District of Arizona.

Dated this 6th day of June, 2018.

Honorable Steven P. Logan
United States District Judge